E-FILED
Monday, 18 March, 2013  11:54:29 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MIGUEL BOYCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3300 |
| | ) | |
| POLARIS INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Defendant Polaris Industries, Inc.'s (Polaris) Motion to Dismiss (d/e 17) pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).  Polaris seeks to dismiss Plaintiff Miguel Boyce's Amended Complaint because Boyce did not serve Polaris within 120 days of filing the Amended Complaint.  The Motion is DENIED.

Boyce has submitted documentation showing that Polaris waived service of the original complaint, which was dismissed without prejudice. The parties assume, but do not address whether, Boyce was required to re-serve Polaris with the Amended Complaint filed over seven months after dismissal of the original complaint.

If Boyce was required to re-serve Polaris, he clearly failed to do so within 120 days of the filing of the Amended Complaint. Boyce has not shown good cause for the failure to serve Polaris. Nonetheless, the Court has the discretion to extend the period of time to effect proper service even without a showing of good cause. Therefore, under the circumstances of this case, Boyce is retroactively granted an extension of time to November 6, 2012 to effect service on Polaris. Polaris' Motion to Dismiss for insufficient service of process is DENIED.

## I. BACKGROUND

The following facts are taken from the pleadings and the documents attached thereto. Kimbrell v. Brown, 2009 WL 5064384, at *1 (S.D. Ill. 2009)(court may consider documents outside the pleadings when considering a motion to dismiss under Rule 12(b)(5)), citing Harris v. Gland-O-Lac Co., 211 F.2d 238 (6th Cir. 1954).

On July 9, 2010, Boyce was injured while operating an All-Terrain Vehicle (ATV) manufactured, designed, marketed, distributed, or sold by Polaris Industries, Inc. (Polaris). See Cmplt. d/e 1. At the time, Boyce was a guest at Harpole's Heartland Lodge, Inc. (Heartland).

On March 25, 2011, Boyce's counsel sent a notice of attorney lien to Polaris. See Letter, Exhibit A, attached to Pl. Resp. (d/e 20-2, p. 1). On

August 10, 2011, Boyce filed suit against Polaris and Heartland.  <u>See</u> Cmplt. (d/e 1).

On September 26, 2011, the judges of the Central District recused themselves from this case.  <u>See</u> Chief Judge Michael P. McCuskey's Text Order of September 26, 2011 (noting that during the last ten years, the judges have held their retreat at Heartland).  The matter was referred to Chief Judge David R. Herndon of the Southern District of Illinois for reassignment.  On September 27, 2011, the matter was reassigned to Judge Herndon.  <u>See</u> Text Order of September 27, 2011.

Boyce sent to Polaris a request for waiver of the service of summons. Boyce failed to comply with Local Rule 4.1, which requires that "proof of the written notice of lawsuit and request for waiver of service of summons, directed to the defendant(s), must be filed with the Clerk of this court within 7 days of the mailing of the notice."  CDIL-LR 4.1.  Therefore, the docket does not reflect that the request for waiver was sent.

On September 28, 2011, Polaris, through Cynthia P. Arends, executed a Waiver of the Service of Summons.  <u>See</u> Letter, Exhibit F and Waiver, Exhibit E to Pl. Resp. (d/e 20-2, p. 5-6).  The Waiver does not appear on the Court docket.

On September 29, 2011, Judge Herndon, <u>sua</u> <u>sponte</u>, dismissed the Complaint without prejudice for failure to properly plead and establish subject matter jurisdiction.  <u>See</u> Order (d/e 7).  Judge Herndon noted that Boyce did not state the grounds for the Court's jurisdiction but that it appeared that Boyce sought to evoke the jurisdiction of the Court pursuant to diversity of citizenship.  Judge Herndon also noted that Boyce failed to allege his citizenship, as opposed to his residence.  Judge Herndon concluded that if Boyce's citizenship was the same as his residence, then Boyce and Heartland were both citizens of Illinois, which defeated complete diversity.

Over seven months later, on May 3, 2012, Boyce filed an Amended Complaint which listed both Polaris and Heartland in the caption but only referenced Polaris in the body of the Amended Complaint.  <u>See</u> d/e 8.  The record does not reflect whether Boyce mailed a copy of the Amended Complaint to counsel for Polaris.

The Amended Complaint contains two counts: (1) strict liability (Count 1), alleging that the product was in a defective condition and was unreasonably dangerous for its intended or reasonably foreseeable use; and (2) negligence (Count 2), alleging various negligent acts or omissions by Polaris.  (Boyce asserts that the applicable statute of limitations for the

claims is two years.  See 735 ILCS 5/13-213(d) (product liability statute of repose)).

Judge Herndon ordered that the case be reopened.  See May 11, 2012 Remark.  On May 15, 2012, the case was transferred to this judge, who was recently appointed to the federal bench and has never attended a judges' retreat at Heartland.  See Chief Judge James E. Shadid's May 15, 2012 Text Order.

On June 7, 2012, this Court entered a Text Order noting that it did not appear from the docket that either Defendant was served with the Complaint or the Amended Complaint.  Boyce was ordered to file a status report on or before June 25, 2012.

On June 25, 2012, Boyce filed a Status Report.  See d/e 9.  Boyce stated that as of June 26, 2012, a Notice of Lawsuit and Request to Waive Service of a Summons was mailed to Polaris at its last known address.

When nothing further occurred in this case, the Court, on October 18, 2012, again directed Boyce to file a status report.  On October 31, 2012, Boyce filed a Status Report indicating that on June 27, 2012, he mailed a Notice of Lawsuit and Request to Waive Service of a Summons to Kevin A. McCarthy, who Boyce believed was the registered agent of Polaris.  See d/e 10.  Boyce did not receive a response.  After receiving the Court's order,

Boyce discovered that Kevin McCarthy is listed as the president of Polaris and that the registered agent is listed as "vacant". On October 30, 2012, Boyce called defense counsel, Cynthia Arends, who had previously accepted service of summons on behalf of Polaris. Arends indicated that Polaris would not waive service of summons.

Boyce's Status Report further provided that on October 31, 2012, Boyce investigated several sources to find the name and address of a registered agent who would accept service in Illinois on behalf of Polaris. Polaris was unable to provide Boyce with any registered agents in Illinois. Boyce eventually found on the Minnesota Secretary of State website that CT Corporation Systems, Inc. in Minnesota is the listed registered agent for Polaris. On October 31, 2012, Boyce mailed a summons to CT Corporation Systems, Inc. as the registered agent of Polaris.

No evidence of service appears on the docket sheet. See Fed.R.Civ.P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). However, Boyce attached proof of service to his Response. See Exhibit J (d/e 20-2, p. 10). The proof of service shows that Polaris was served on November 6, 2012.

On November 27, 2012, counsel entered an appearance for Polaris. On that same day, Polaris filed a Motion to Dismiss.  See d/e 13.  However, this Court struck the Motion to Dismiss for failure to comply with Local Rule 7.1(B), which requires that every motion raising a question of law be accompanied by a memorandum of law.  See December 6, 2012 Text Order.

On February 11, 2013, after having received an extension of time to file a responsive pleading, Polaris filed the Motion to Dismiss at issue herein.  In the Motion, Polaris seeks dismissal of the Amended Complaint for insufficient service of process.  Specifically, Polaris asserts that because Boyce failed to serve Polaris with the Amended Complaint within 120 days of filing, as required by Federal Rule of Civil Procedure 4(m), the case should be dismissed.

## II. ANALYSIS

The parties do not address whether Boyce, having obtained a waiver of service from Polaris in September 2011, had to re-serve Polaris when Boyce filed the Amended Complaint.  Judge Herndon dismissed the original complaint without prejudice.  Typically, after a dismissal without prejudice, the plaintiff must file a new suit and pay the filing fee.  See United States v. Ligas, 549 F.3d 497, 503 n. 2 (7th Cir. 2008); Richmond v. Chater, 94 F.3d 263, 267 (7th Cir. 1996).  Here, however, Judge Herndon

reopened the original case, which suggests he reinstated the action.  When a case is reinstated, the plaintiff does not have to file a new complaint or re-serve those defendants who were served prior to the dismissal.  See Richmond, 94 F.3d at 268 (distinguishing reinstatement and dismissal without prejudice);  Boran v. United Migrant Opportunity Serv. Inc., 99 Fed. Appx. 64, 67 (7th Cir. 2004) (unpublished); Geiger v. Allen, 850 F.2d 330, 332 (7th Cir. 1988) (finding that because the district court vacated the original dismissal and reinstated the action, it was as if the action had never been dismissed; the plaintiff did not have to file a new complaint or re-serve the defendants who had already been served), superseded by rule on other grounds as stated in Cooper v. Harris, 1999 WL 89654 at *2 n. 4 (N.D. Ill. 1999) (noting that the 1993 amendments to Rule 4 gave courts discretion to enlarge the 120-day period absent good cause); but see Pope v. Vasquez, 2011 WL 5572875, at *2 (S.D. Ill. 2011) (wherein the district court dismissed a claim without prejudice with leave to amend the complaint; the court noted that if an amended complaint was filed, the defendants would "have to be served anew").

Because the parties do not address the issue, the Court will assume that Boyce was required to serve Polaris with the Amended Complaint.

A.    Rule 4(m) Requires Service Within 120 Days

Rule 4(m) of the Federal Rules of Civil Procedure requires service on a defendant within 120 days after the complaint is filed:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).  Therefore, if a plaintiff shows good cause for failing to effect timely service, the district court must extend the time for service. Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996).

The plaintiff bears the burden of showing good cause.  Panaras, 94 F. 3d at 341.  "Good cause means a valid reason for the delay, such as the defendant's evading service."  Coleman v. Milwaukee Bd. Of Sch. Dirs., 290 F. 3d 932, 934 (7th Cir. 2002).  At a minimum, a plaintiff must show reasonable diligence in his efforts to serve the defendant. Bachenski v. Malnati, 11 F. 3d 1371, 1377 (7th Cir. 1993), superseded by rule on other grounds as stated in Cooper, 1999 WL 89654 at *2 n. 4 (noting that the 1993 amendments to Rule 4 gave courts discretion to enlarge the 120-day period absent good cause); Stanley v. Martin, 2013 WL 331267, at *1 (N.D. Ill. 2013).

If, however, a plaintiff does not show good cause for failing to effect timely service, the district court may still, in its discretion, grant an extension of time for service.  Panaras, 94 F. 3d at 340, citing Henderson v. United States, 517 U.S. 654, 662 (1996); see also Coleman 290 F. 3d at 934 (the court has discretion whether to extend the time when the plaintiff can show excusable neglect); Troxell v. Fedders of North America, Inc., 160 F. 3d 381, 383 (7th Cir. 1998).

The district court should consider the following factors when exercising that discretion:  whether (1) the statute of limitations would bar refiling of the complaint; (2) the defendant would be prejudiced; (3) the defendant had actual notice of the lawsuit; and (4) the defendant is eventually served.  Troxell, 160 F.3d at 383.  Even where the balance of hardships favors the plaintiff, the district court is not required to excuse the plaintiff's failure to timely serve the defendant.  Coleman, 290 F.3d at 934 (district court did not abuse its discretion by refusing to allow late service even where the statute of limitations barred refiling the complaint, defendant suffered no actual harm as a consequence of the delay in service, and the defendant likely received actual notice of the suit).

B.    The Parties' Arguments

Polaris argues that the Court should dismiss Boyce's Amended Complaint because (1) Boyce cannot establish good cause for failing to timely effectuate service; (2) the facts show that Boyce's failure to serve Polaris was the result of inexcusable neglect; and (3) the delay in service prejudiced Polaris. According to Polaris, the sole reason for Boyce's failure to timely serve Polaris with the Amended Complaint was his own neglect and lack of diligence. Polaris points out that Boyce only attempted to serve Polaris after the Court inquired of the status of the action.

Polaris further notes that it took Boyce 55 days from the time he filed his Amended Complaint to when he sent the Notice of Lawsuit and Request to Waive Service of a Summons, that he did not attempt to serve Polaris when the waiver was not granted, and that he failed to request an extension of the service period from the Court. Polaris also notes that, in the 187 days it took Boyce to serve Polaris, Polaris did not evade service or conceal a defect in attempted service.

Finally, Polaris argues that the delay prejudices Polaris' defense because the accident occurred 2 ½ years ago and the accident scene has likely changed. Moreover, neither Boyce nor Polaris has any knowledge as to the location of the ATV.

Boyce argues that he can establish good cause for the delay in serving Polaris the second time.  Boyce notes that Polaris waived service of summons on the original complaint when its officer was served by mail. Therefore, Boyce reasonably sought to serve Polaris in the same manner with the Amended Complaint, particularly where Polaris did not list a registered agent with the Illinois Secretary of State.

Boyce also asserts that it was reasonable to wait for the Waiver to be returned because it took Polaris 56 days to return the Waiver of the Service of Summons for the original complaint.  According to Boyce, if Polaris had not waived service previously or had provided a valid registered agent, Boyce would have been able to timely serve Polaris.

Boyce further claims that even if he cannot demonstrate good cause, the Court should allow an extension of time because (1) Polaris failed to list a registered agent on the Secretary of State website; (2) Polaris had notice of the lawsuit by way of the lien letter and the original complaint which was served on Polaris; therefore, Polaris is not prejudiced; (3) Polaris had been served for over 90 days before filing the Motion to Dismiss; and (4) the statute of limitations would bar Boyce from refiling the complaint.

C.    Although Boyce Does Not Show Good Cause, Boyce is Granted a Retroactive Extension of Time

Boyce has not shown good cause for an extension of time to serve
Polaris.

On May 3, 2012, Boyce filed the Amended Complaint.  Setting aside
the issue noted above regarding whether the Amended Complaint was
reinstated or constituted a new complaint, service was required by August
31, 2012, 120 days after the filing of the Amended Complaint.     However,
Boyce made no attempt at service until this Court requested a status report
in June 2012.  On June 27, 2012, Boyce sent to Polaris a Notice of a Lawsuit
and Request to Waive Service of a Summons.  The document advised
Polaris that to waive service of summons, it must return the signed waiver
within 30 days of June 27, 2012.  Polaris did not do so.  Therefore, Boyce
knew, as of July 27, 2012—still within the 120 days permitted for service—
that Polaris was not going to waive service.  See Troxell, 160 F. 3d at 383 (
affirming the district court's refusal to grant the plaintiff an extension of
time to effectuate service, noting "[p]erhaps this case will serve as a
warning to lawyers to watch the time that has elapsed after they mail out a
waiver form and to act promptly thereafter if the defendant proves
uncooperative").

Despite knowing, as of July 27, 2012, that Polaris was not going to
waive service, Boyce did not attempt to contact Cynthia Arends, the Polaris

attorney who had waived service of the original complaint, or otherwise arrange for service of summons.  Instead, Polaris waited until this Court asked for a status report to take further steps to effectuate service.  On October 30, 2012, 125 days after mailing the Notice of Lawsuit and Request to Waive Service of a Summons and 180 days after filing the Amended Complaint, Boyce finally contacted Arends, who had previously waived service and who told Boyce that Polaris would not waive service.  Boyce ultimately effected service on Polaris on November 6, 2012, 187 days after filing the Amended Complaint.  These facts demonstrate Boyce was not reasonably diligent in his efforts to serve Polaris.

Although Boyce has not demonstrated good cause, the Court will, in an exercise of its discretion, nonetheless excuse Boyce's failure to timely effect service on Polaris.  Considering the relevant factors, a retroactive extension of time for service is warranted.  See Stanley, 2013 WL 331267, at *4 (granting a retroactive extension of time to serve process where the defendant was eventually served and would not be prejudiced, and where the statute of limitations would bar refiling of the claim).

Most notably, the statute of limitations would apparently bar refiling of the complaint.  See Panaras, 94 F. 3d at 341 (noting that the district court must consider whether the statute of limitations would bar a new

complaint, although the court may still dismiss a case for failure to timely effect service even if the statute of limitations has run).  In addition, Polaris had actual notice of the Amended Complaint because Boyce sent the Notice of Lawsuit and Request to Waive Service of a Summons on June 27, 2012, although Polaris had every right to require Boyce effectuate service on it.  See Troxell, 160 F.3d at 383 (noting that a defendant is not obligated to waive formal service).  Boyce also eventually effected service on Polaris on November 6, 2012.  See Exhibit J to Pl. Resp. (d/e 20-2, p. 10).

Polaris argues it will suffer prejudice because the location of the ATV is unknown.  However, this purported prejudice is not a consequence of the delay in service.  Polaris was put on notice of Boyce's claim in May 2011 by way of the lien letter and in September 2011 when it waived service of the original complaint.

### III. CONCLUSION

For the reasons stated, Defendant Polaris Industries, Inc.'s Motion to Dismiss (d/e 17) is DENIED.  The Court, in its discretion, retroactively grants Plaintiff Miguel Boyce an extension of time to November 6, 2012 to effect service on Polaris.  The Clerk is DIRECTED to file the proof of service, attached as Exhibit J to Boyce's Response (d/e 20-2, p. 10).  Polaris shall answer or otherwise plead on or before April 1, 2013.

ENTER: March 18, 2013

FOR THE COURT:

    <u>s/Sue E Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE